UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAVIER NUNEZ,

                Plaintiff,

-against-

MARK SILBER; ELI SIBLER; NICOLE FRASER; GUTMAN, MINTE, BAKER & SONNENFELDT LLC,

                Defendants.

22-CV-8416 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the court's diversity jurisdiction. He asserts claims stemming from the termination of a lease for a Manhattan apartment from which he was evicted. By order dated October 11, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

On January 30, 2018, Plaintiff, who was then a citizen of New York, filed *Nunez v. Silber*, ECF 1:18-CV-0892, 2 (CM) ("*Nunez I*") in this court. He sued the following defendants: (1) Mark Silber, the landlord of the Manhattan apartment building in which he resided with his father, Luis Santiago; (2) Eli Silber, the managing agent of that building; (3) Nicole Fraser, a New York City Adult Protective Services ("APS") case worker assigned to his father; and (4) Gutman, Minte, Baker & Sonnenfeldt, LLC, the law firm that represented Mark Silber in a state court eviction proceeding against him. In that action, Plaintiff invoked the court's federal question and diversity jurisdiction and asked the court to order Mark Silber to issue him a lease to reside in the Manhattan apartment from which he was being evicted.

Plaintiff made the following allegations in *Nunez I*. Plaintiff had resided with his father, Luis Santiago, in a Manhattan apartment for 20 years. Plaintiff's father had mental health issues and, on August 23, 2017, he had gone for a walk and disappeared. After Santiago disappeared, Defendants Mark and Eli Silber brought a state court eviction proceeding against Santiago, claiming that Santiago, who was the listed tenant, had abandoned the apartment. Defendants also locked Plaintiff out of the apartment. Plaintiff also asserted that Fraser, Santiago's APS case worker, had not provided Santiago with a safe environment or given him proper care or services.

On April 9, 2018, Judge Colleen McMahon of this court dismissed *Nunez I*, finding that the court lacked subject matter jurisdiction to consider Plaintiff's claims arising from the landlord-tenant issues related to the apartment. *See* ECF 1:18-CV-0892, 6. Judge McMahon also held that Plaintiff, as a *pro se* litigant, could not assert claims against Fraser on behalf of his father, and dismissed those claims without prejudice. *See id*. Plaintiff appealed, and on July 16, 2018, the United States Court of Appeals for the Second Circuit dismissed the appeal as frivolous. *Nunez v. Silber*, No. 18-1116 (2d Cir. July 16, 2018). On August 14, 2018, Judge

McMahon denied Plaintiff post-judgment relief under Local Civil Rule 6.3 and under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. ECF 1:18-CV-0892, 15. Plaintiff then inundated the court with motions in which he sought post-judgment relief. On January 28, 2022, Judge McMahon imposed a bar order, which precludes Plaintiff from filing any future submissions in *Nunez I*. ECF 1:18-CV-0892, 24. On July 5, 2022, the Second Circuit dismissed Plaintiff's appeal of the bar order as frivolous. *Nunez v. Silber*, No. 22-1116 (2d Cir. July 5, 2022).

On July 30, 2018 − after the dismissal of *Nunez I*, and the Second Circuit dismissal of the *Nunez I* appeal − Plaintiff filed *Nunez v. Silber*, ECF 1:18-CV-6821, 2 (LLS) ("*Nunez II*"). In that action, Plaintiff, who was still a citizen of New York, invoked the court's diversity jurisdiction and asserted substantially the same claims against the same defendants as in *Nunez I*. Plaintiff also indicated in *Nunez II* that, following his unsuccessful efforts in the state courts, he had been evicted from the Manhattan apartment. Plaintiff also claimed in *Nunez II* that Fraser had failed to provide his father with proper services.

On October 30, 2018, Judge Louis L. Stanton of this court dismissed *Nunez II* for the same reasons as *Nunez I*. Judge Stanton found that Plaintiff was essentially asserting the same claims as *Nunez I*, and that the court lacked diversity jurisdiction because Plaintiff and the defendants were New Yorkers. ECF 1:18-CV-6821, 6. Judge Stanton further held that, as stated in *Nunez I*, Plaintiff could not bring claims against Fraser on behalf of his father. *Id*. Plaintiff appealed, and on April 2, 2019, the Second Circuit dismissed the appeal of *Nunez II* as frivolous. *Nunez v. Silber*, No. 18-3385 (2d Cir. Apr. 2, 2019).

Plaintiff, who is now a citizen of Pennsylvania, brings this action, which is duplicative of *Nunez I* and *Nunez II*; he asserts similar claims against the same defendants. Plaintiff, invoking

3

diversity jurisdiction, refers to the eviction action that was in the Civil Court of the City of New York, County of New York ("Housing Court"), under Index No. LT-080641-17NY. He asserts that, on May 15, 2018, Mark Silber "forced [him] out of his home for no reason at all," committing "unprofessional housing practices," and that "Guzman, Minte Baker, Sonenfelt LLC in bad faith to include [Plaintiff as] a victim of fraud and identity theft." (ECF 6, at 5.) Plaintiff also claims that Fraser failed to provide his father, Santiago, with services. Plaintiff further asserts that Defendants violated his rights to due process under the Fifth and Fourteenth Amendments. He seeks $75,000.00 or more in damages and a lease to the Manhattan apartment.

## DISCUSSION

### A.     The *Rooker-Feldman* Doctrine

Plaintiff brings this action seeking to obtain the lease to the Manhattan apartment from which he was evicted after proceedings in Housing Court. To the extent that Plaintiff asserts claims for relief that challenge the final judgment of the Housing Court in the eviction proceedings, the Court must dismiss those claims under the *Rooker-Feldman* doctrine. Under that doctrine – created by two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – federal district courts lack authority to review final state court orders and judgments where the federal court plaintiff seeks relief that invites the federal court to reject or overturn the state court judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005); *see also Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) (The *Rooker-Feldman* doctrine "bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court [of the United States] is the only federal court with jurisdiction over such cases." (citing 28 U.S.C. § 1257)); *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002) ("The [*Rooker-Feldman*] doctrine reflects the principle set forth in 28 U.S.C.

§ 1257 that the Supreme Court [of the United States] is the only federal court that has jurisdiction to review state court judgments, . . . unless otherwise provided by Congress, *see, e.g.,* 28 U.S.C. § 2254 (habeas corpus review).") (citation omitted). In fact, the *Rooker-Feldman* doctrine "precludes a United States district court from exercising subject-matter jurisdiction. . . ." *Exxon Mobil Corp.*, 544 U.S. at 291.

District court review of claims is barred under the *Rooker-Feldman* doctrine when four requirements are met: (1) the plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites district court review and rejection of the state court judgment; and (4) the state court judgment was rendered before the district court proceedings commenced. *Dorce*, 2 F.4th at 101 (internal quotation marks and citation omitted).

Plaintiff appears to challenge the Housing Court's decision that allowed his landlord to evict him from the Manhattan apartment. He asserts that Defendant Mark Silber committed "unprofessional housing practices" by bringing the eviction action, which forced Plaintiff out of the apartment. (ECF 6, at 5.) Plaintiff, who lost in the eviction proceedings, is essentially complaining of conduct arising from those proceedings and is seeking to overturn the Housing Court's decision that he was not entitled to the lease for the Manhattan apartment. The relief Plaintiff seeks essentially requires this Court to void the state court decision in the eviction case, which is foreclosed by *Rooker-Feldman* doctrine. *See Dorce*, 2 F.4th at 104 (*Rooker-Feldman* forecloses a court from voiding a state court judgment). The Court therefore dismisses Plaintiff's claims seeking to overturn the Housing Court eviction proceeding and procure a lease for the same Manhattan apartment from which he was evicted. All of Plaintiff's claims concerning the lease to the Manhattan apartment are barred under the *Rooker-Feldman* doctrine, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Exxon Mobil Corp.*, 544 U.S. at 291

B.  *Pro Se* **Litigant Cannot Represent Others**

Further, the Court dismisses without prejudice the claims Plaintiff asserts against Fraser on behalf of his father, for the same reason stated in *Nunez I* and *Nunez II*. Plaintiff, who is not an attorney, cannot bring claims on behalf of his father. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).

C.  **Warning to Plaintiff**

Plaintiff has been indefatigable in pursuing a lease to the Manhattan apartment where he once resided. He unsuccessfully fought the eviction proceedings in Housing Court. While the state court action was ongoing, Plaintiff filed *Nunez I* in which he sought an order directing Mark Silber to give him a lease. After he was evicted, he filed *Nunez II*, again asking the court to order Silber to give him a lease to the apartment. Plaintiff also submitted multiple motions in *Nunez I*, which were deemed frivolous, and Judge McMahon imposed a bar order, which precludes Plaintiff from filing any future submissions in that action. ECF 1:18-CV-0892, 24. In both federal actions, Plaintiff brought claims against Fraser on behalf of his father, despite repeated notices that this is impermissible. In *Nunez II*, Judge Stanton warned Plaintiff that if he persists in filing duplicative or frivolous litigation in this court in which he asserts claims on behalf of his father or challenges to his eviction, the court will issue an order under 28 U.S.C. § 1651, barring him from filing new actions IFP unless he receives prior permission to file. ECF 1:18-CV-6821, 6. Four years later, Plaintiff filed this action, still seeking a lease for the Manhattan apartment from Silber.

The Court recognizes that the facts have shifted a little due to the change of Plaintiff's citizenship, but Plaintiff's claims relating to the lease are barred under the *Rooker-Feldman* doctrine. The Court therefore warns Plaintiff that should he persist in filing future complaints

that are determined to be duplicative, frivolous, or otherwise lacking in merit, the Court will order him to show cause why he should not be barred under Section 1651 from filing new actions IFP without prior permission from the court.

## CONCLUSION

The Court dismisses Plaintiff's complaint under the *Rooker-Feldman* doctrine, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). All other pending matters in this case are terminated.

The Court warns Plaintiff that, should he persist in filing complaints that are determined to be duplicative, frivolous, or otherwise lacking in merit, the Court will order him to show cause why he should not be barred under 28 U.S.C. § 1651 from filing new actions IFP without prior permission from the Court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:  February 22, 2023
        New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                    Chief United States District Judge